IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| ROBERT EYLER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-01050-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| LIZA LUV INVESTORS III LLC, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION**[1]

Cynthia Reed Eddy, Chief United States Magistrate Judge.

## I.        INTRODUCTION

This civil action was initiated by Plaintiff Robert Eyler against Defendant Liza Luv Investors III, LLC for allegedly violating portions of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*., ("ADA") by not providing accessible hotel accommodations for persons using wheelchairs.  The Court has subject matter jurisdiction over the matter under 28 U.S.C. § 1331.

Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  For the reasons that follow, Defendant's motion is denied.

## II.       BACKGROUND

Plaintiff is a wheelchair user who is limited in the major life activity of walking and alleges

---

[1]        All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

he is a protected class under the ADA.  Defendant owns and operates a SpringHill Suites hotel located in Monroeville, Pennsylvania ("Hotel") and as a fundamental part of these operations, provides hotel rooms with sleeping beds to its customers.  In July 2021, Plaintiff called the Hotel and inquired about the height of the top surfaces of the beds in purportedly ADA accessible rooms. He was informed that the top surface of the bed was 27 inches above the floor.  Thereafter, on Plaintiff's behalf, an investigator called the Hotel to confirm this measurement and was told the surface height of the bed was 28.5 inches above the floor.  The seat height for Plaintiff's wheelchair is approximately 19 inches from the ground, and the average height of wheelchair seats is generally 18-20 inches.  Plaintiff maintains that the high sleeping surface of the bed in Defendant's purportedly accessible room renders it impossible for Plaintiff to independently transfer from his wheelchair to his bed.  Plaintiff can safely, easily, and independently transfer to horizontal surfaces that are approximately the same height as his wheelchair seat, such as dining chairs, toilet seats, benches, and lower passenger vehicle seats.  Plaintiff maintains that transferring to horizontal surfaces that are significantly higher than his wheelchair seat is difficult and dangerous for Plaintiff, as he must hoist his bodyweight up to the height of the higher surface using primarily upper body strength or be helped by a third party.  Plaintiff claims that this risks his injury of falling or straining his shoulders when transferring to the higher horizontal surfaces like the beds in the Hotel.  Plaintiff claims that Defendant's policy and practice of not providing individuals with disabilities hotel rooms with accessible sleeping surfaces is discriminatory and violates Title III of the ADA and that Plaintiff would like to stay at the Hotel in the future and use its beds, but the lack of accessible beds has deterred Plaintiff from staying at the Hotel.

Plaintiff seeks a declaratory judgment that Defendant has violated Title III of the ADA, a permanent injunction for Defendant to take all steps necessary to bring its beds and sleeping

surfaces into compliance with the ADA, for nominal damages, attorneys' fees and costs and any other relief that the Court finds just and proper.

### III.   STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do."

*Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359

F.3d 251, 256 (3d Cir. 2004) n. 5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## IV.    DISCUSSION

Defendant presents a single argument in support of dismissal: because the Americans with Disabilities Act Standards for Accessible Design, 36 C.F.R. pt. 1991, App. D. ("the 2010 Standards" or "ADAAG") does not include a standard height for hotel beds, Plaintiff cannot maintain a violation of Title III of the ADA.  Plaintiff responds that despite the 2010 Standards not addressing bed height in public accommodations, Plaintiff has adequately stated a claim under the general nondiscrimination requirements of Title III of the ADA.

Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  ADA discrimination also includes a failure to make "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]" 42 U.S.C. § 12182 (b)(2)(A)(ii).   "To comply with this command, an individualized inquiry must be made to determine whether a specific modification for a particular person's disability would be reasonable under the circumstances as well as necessary for that person ...." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 688, 121 S. Ct. 1879, 149 L. Ed. 2d 904 (2001).

To state a claim under Title III of the ADA, a plaintiff must allege: "(1) discrimination on

the basis of a disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator." *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 542–43 (W.D. Pa. 2013) (citation and internal quotation marks omitted).  Defendants do not argue that Plaintiff has failed to meet any of these elements to state a cause of action for Title III discrimination.  Moreover, Plaintiff has adequately alleged that he is a person with a disability and was unable to use the beds provided by Defendant due to their height and was therefore discriminated against by not being able to fully and equally enjoy the accommodations of the Hotel operated by Defendant.

In promulgating the ADA, Congress tasked the Attorney General with the responsibility of implementing regulations to carry out the provisions of Title III. 42 U.S.C. § 12186(b).  Thereafter, the Americans with Disabilities Act Standards for Accessible Design, 36 C.F.R. pt. 1991, App. D. ("the 2010 Standards" or "ADAAG") was implemented which specifies the technical structural requirements of public accommodations applicable to design, construction and alteration of certain elements of public accommodations.  The parties agree that the DOJ's 1991 and 2010 Standards set forth the technical requirements that a public accommodation must meet to be "readily accessible."  While the ADAAG include provisions for hotel rooms, they do not set forth a bed height requirement for hotel rooms.[2]  The ADAAG provides the following related to sleeping

---

[2]      The 2010 Standards related to "Transient Lodging Guest Rooms" provides:

806.1 General. Transient lodging guest rooms shall comply with 806. Guest rooms required to provide mobility features shall comply with 806.2. Guest rooms required to provide communication features shall comply with 806.3.
806.2 Guest Rooms with Mobility Features. Guest rooms required to provide mobility features shall comply with 806.2.
806.2.1 Living and Dining Areas. Living and dining areas shall be accessible.
806.2.2 Exterior Spaces. Exterior spaces, including patios, terraces and balconies, that serve the guest room shall be accessible.
806.2.3 Sleeping Areas. At least one sleeping area shall provide a clear floor space complying with

6

areas:

> 806.2.3 Sleeping Areas. At least one sleeping area shall provide a clear floor space complying with 305 on both sides of a bed. The clear floor space shall be positioned for parallel approach to the side of the bed.
> Exception: Where a single clear floor space complying with 305 positioned for parallel approach is provided between two beds, a clear floor or ground space shall not be required on both sides of a bed.

36 C.F.R. Pt. 1191, App. D, § 806.2.3.   Therefore, the ADAAG does not specifically include a hotel bed height requirement.   Defendant therefore argues that because there is not a bed height requirement under the ADAAG, Plaintiff cannot state a claim for Title III discrimination.   Plaintiff responds that where the ADAAG is silent, a court must consider whether Title III's general nondiscrimination provision, which includes the requirement to make reasonable modifications to public accommodations, is sufficient to state a claim.

---

305 on both sides of a bed. The clear floor space shall be positioned for parallel approach to the side of the bed.
Exception: Where a single clear floor space complying with 305 positioned for parallel approach is provided between two beds, a clear floor or ground space shall not be required on both sides of a bed.
806.2.4 Toilet and Bathing Facilities. At least one bathroom that is provided as part of a guest room shall comply with 603. No fewer than one water closet, one lavatory, and one bathtub or shower shall comply with applicable requirements of 603 through 610. In addition, required roll-in shower compartments shall comply with 608.2.2 or 608.2.3. Toilet and bathing fixtures required to comply with 603 through 610 shall be permitted to be located in more than one toilet or bathing area, provided that travel between fixtures does not require travel between other parts of the guest room.
806.2.4.1 Vanity Counter Top Space. If vanity counter top space is provided in non-accessible guest toilet or bathing rooms, comparable vanity counter top space, in terms of size and proximity to the lavatory, shall also be provided in accessible guest toilet or bathing rooms.
806.2.5 Kitchens and Kitchenettes. Kitchens and kitchenettes shall comply with 804.
806.2.6 Turning Space. Turning space complying with 304 shall be provided within the guest room.
806.3 Guest Rooms with Communication Features. Guest rooms required to provide communication features shall comply with 806.3.
806.3.1 Alarms. Where emergency warning systems are provided, alarms complying with 702 shall be provided.
806.3.2 Notification Devices. Visible notification devices shall be provided to alert room occupants of incoming telephone calls and a door knock or bell. Notification devices shall not be connected to visible alarm signal appliances. Telephones shall have volume controls compatible with the telephone system and shall comply with
704.3. Telephones shall be served by an electrical outlet complying with 309 located within 48 inches (1220 mm) of the telephone to facilitate the use of a TTY.

36 C.F.R. Pt. 1191, App. D, § 806.

In addressing the exact argument as to whether the ADAAG's silence on bed height foreclosed a plaintiff who used a wheelchair's claims, the court unequivocally found that the plaintiff had stated a claim, despite not pleading a violation of the ADAAG.  *Mullen v. Concord Hosp. Enterprises Co., LLC*, No. 2:20-CV-01530-RJC, 2022 WL 295880, at *3–11 (W.D. Pa. Feb. 1, 2022) ("Plaintiff does not need to show a violation of the ADAAG to state a claim under the ADA. . . . Instead, Plaintiff may state claims under the antidiscrimination provisions of Title II of the ADA.").  Other courts have likewise found that a Plaintiff need not show a specific violation of the ADAAG to establish a Title III claim where no regulation exists. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1085 (9th Cir. 2004); *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1135 (9th Cir. 2012); *Celano v. Marriott Int'l, Inc.*, No. C 05-4004 PJH, 2008 WL 239306, at *14 (N.D. Cal. Jan. 28, 2008); *Kalani v. Starbucks Corp.*, 117 F. Supp. 3d 1078 (N.D. Cal. 2015).  As aptly explained by Judge Colville,

> In the absence of any mention of [the height of hotel beds] in the ADA Standards, it is clear that Plaintiff's Complaint would survive at this stage of the proceedings under the general nondiscrimination requirements of the ADA and the ADA's overarching equal access mandate. Plaintiff alleges that [Defendant's] purportedly accessible hotel rooms deny individuals with disabilities equal access to and the use of one of the, if not the, most basic and fundamental goods, services, facilities, privileges, advantages, or accommodations provided by a hotel guest room, an accessible bed/sleeping surface upon which an individual can sleep.

*Mullen*, 2022 WL 295880, at *8.  The Court in Mullen further found that the plaintiff, like Plaintiff here, was not alleging that the Defendant failed to comply with the ADAAG when it designed its hotel rooms, but rather based his Title III claims on the hotel's "alleged policy and practice of exclusively placing only inaccessible and unusable beds inside of its purportedly accessible hotel rooms denies individuals with disabilities, and specifically those who utilize wheelchairs and scooters for mobility, the use and availability of an accessible sleeping surface/bed for sleeping, i.e., a good, service, facility, privilege, advantage, or accommodation that [Defendant] provides as

8

a hotel operator to other individuals." *Id.* This Court agrees and finds that Plaintiff has adequately stated a claim for Title III discrimination and accordingly, Defendant's motion to dismiss is denied.

## V.    CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is denied. An appropriate Order follows.

Dated: July 20, 2022.                                              By the Court,
                                                                    s/ Cynthia Reed Eddy_____
                                                                    Chief United States Magistrate Judge